## Case No. 10,685.
### PALMER v. BURNSIDE.
[1 Woods, 179.] [1]
Circuit Court, D. Louisiana.    Nov., 1871.

MORTGAGES—LOUISIANA—SALE UNDER JUNIOR INCUMBRANCE—SUBSEQUENT SEIZURE BY SENIOR INCUMBRANCER—CONFUSION—MERGER.

1. Where real and personal property are purchased under proceedings on a junior incumbrance to which a senior incumbrancer is not made a party, an attempt made by the senior incumbrancer to bring the property to sale to satisfy his claim, is not an attack upon the title of the purchaser under the junior incumbrancer, nor any invasion of his rights.

2. Where a senior incumbrancer wrongfully carried away personal property subject to his own and a junior incumbrancer, his debt was not extinguished by "confusion" to the extent of the value of the property carried off.

3. Confusion and merger are synonymous terms.

4. A debt cannot be merged in a tort—nor can any part of it be extinguished by a credit or set-off claimed for unliquidated damages arising from a trespass.

At chambers.    In equity.    This cause was heard upon the motion of complainant for a preliminary injunction.

W. W. King, for complainant.

John A. Campbell and Thos. Allen Clarke, for defendant.

WOODS, Circuit Judge.    The bill states in substance that in the year 1866, Mrs. Margaret Deas obtained a judgment against Mrs. Louisa D. Minor for $4,500; that an execution issued on this judgment was levied on a certain plantation in the parish of Ascension, the property of the judgment debtor, and on the 22d day of May, 1868, the plantation was sold by the United States marshal by authority of the writ, to one James E. Zunts. A monition was sued out by Zunts for the confirmation of his title. This proceeding was finally determined by the supreme court of the United States against Zunts, and the sale was annulled, and the heirs of Mrs. Minor, who in the meantime had departed this life, were restored to the possession of the property. While Zunts was holding possession under the sale to him, he sold the plantation to Burnside, one of the defend-

___

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

ants, who took possession of the plantation, and placed stock and farming implements upon it, and cultivated it. After the sale to Zunts was set aside, Burnside removed from the plantation the stock which he had taken there, and, it is alleged, also took away most of the stock which was upon the plantation at the time of Zunts' purchase, and many farming tools and implements. Burnside acquired the judgment of Mrs. Deas on the 23d of June, 1871, and an order was made by this court to sell the property levied on to pay the judgment. The heirs of Mrs. Minor enjoined the sale under this order of the court. While this injunction was in force, Dunlap & McCance, junior mortgage creditors, seized and sold the plantation under process from the state court subject to the prior mortgage of Mrs. Deas. At this sale Palmer, the complainant, became the purchaser for $28,500. The injunction restraining Burnside from proceeding to sell the plantation upon the order of sale was dissolved on the 13th of January, 1872, and Burnside is now threatening to proceed upon his order of sale to have the plantation sold by the United States marshal under said writ, to satisfy the judgment in favor of Mrs. Deas, to which he has been subrogated.

The complainant Palmer prays for an injunction to restrain Burnside from proceeding to sell the property under his writ. The cause has been heard upon the motion for the injunction. The complainant says that having purchased at a judicial sale, the sale cannot be treated as a nullity. But it seems clear that the bringing to sale of the property on an older and superior lien is not treating the sale to Palmer as a nullity. No right that he acquired under that sale is denied or interfered with. He has the same rights that the heirs of Mrs. Minor had in the property, and no more. That is what he purchased. They could not object to a sale on the mortgage lien of Mrs. Deas, nor can he. He purchased subject to all the rights conferred on Mrs. Deas, and her assignee by her judicial mortgage. One of them was the right to bring the property to sale to pay the debt. The exercise of this right is no attempt to disregard the rights of Palmer acquired under his purchase, nor is it an attempt to attack the sale to him collaterally. The validity of his purchase is recognized. No right of his under it is disputed. Burnside is only trying to exercise his own rights, which are superior to those of Palmer.

The authority cited by complainant (Hen. [La.] Dig. 1031, § 1) to support this objection to the proceeding of Burnside, does not seem at all applicable to the question in hand. The proceeding to sell on Burnside's execution is not a revocatory action. Its purpose is not to test the validity of Palmer's title, but admitting his title to be all that he claims for it, to enforce a superior lien, and one which he admits to be superior and subject to which he purchased. As well might the purchaser at private sale from a mortgagor claim that a proceeding to foreclose his mortgage was an attack on his title.

It is next alleged that Burnside claimed a part of the proceeds of the property made at the instance of Dunlap & McCance, at which complainant became the purchaser, and he cannot therefore sue to annul the sale. There are two answers to this position: (1) The record submitted in evidence on this motion does not show that Burnside is claiming a part of the proceeds of the sale. His affidavit shows that he is only claiming the proceeds of a boiler and engine which he says was his own property, and which were seized and sold with the property of Mrs. Minor's heirs, and, (2) This proceeding of Burnside is not a proceeding to set aside the sale to Palmer as already shown.

It is further alleged, in support of the motion for injunction, that a large quantity of live stock and farming implements were upon the plantation of Mrs. Minor, upon which the claims of Burnside and Dunlap & McCance were liens; that Burnside, when he surrendered possession of the plantation to Mrs. Minor's heirs, carried away a large portion of this stock and farming implements, and that his debt has been extinguished to the amount of the value of this property, by what is termed in the civil law confusion, and therefore Burnside ought not to be allowed to proceed with the sale, until this property is accounted for, and the value thereof credited upon his claim. The term "confusion" as used in the civil law is synonymous with "merger" as used in the common law. It arises where two titles to the same property unite in the same person. Article 2214 of the Civil Code provides that "when the qualities of debtor and creditor are united in the same person there arises a confusion of right which extinguishes the two credits." So at the common law, A. owes B. B. makes A. his heir. The debt of A. is merged.

But a tort does not create a debt. If the asportation of the personal property on the plantation by Burnside was tortious, it did not create a debt against him, which could be merged. He got no title to the property. He was a mere tort feasor, and became no more the debtor of the owners of the chattels than if he had committed an assault and battery upon them. So no part of his debt was extinguished by his wrongful act, nor did he acquire any title to the property taken. It is still subject to the lien of his mortgage, and of the mortgage of Dunlap & McCance under which complainant purchased. The entire debt, secured by his judicial mortgage is yet unpaid. No part of it is merged, no part of it is extinguished or can be extinguished by a credit or set-off arising from unliquidated damages for a trespass.

It is next asserted by the complainants (1)

that succession property cannot be taken in execution; and (2) that the execution under which the marshal originally seized and sold the property under Burnside's judicial mortgage has been executed and returned; that the writ is functus officio, and no new proceedings can be had upon it. These points were made to the court as objections to Burnside's motion for his vendi or order of sale, and were overruled by the court. As this was done after full argument, we have no disposition to interfere with the ruling of the court. We think that ruling was correct.

The case appears to us a very plain one. The complainant purchased the property at sheriff's sale with notice of and subject to the judicial mortgage of Burnside. He was entitled, under section 683, Code of Practice, to retain in his hands, out of the price for which the property was adjudicated to him, the amount required to satisfy the privileged debts and special hypothecations to which the property sold was subject. He now holds as part of the purchase price, the money to pay the privileged debt of Burnside. He can stop the sale by paying Burnside his money. This, it appears to me, would be a more just and equitable method of staying the sale than by invoking the writ of injunction. He ought not to be allowed to keep the property and keep the price, especially when the price is demanded by parties having older and better rights than his, and which, by the terms of his purchase, he has agreed to pay. I do not understand that the complainant by his purchase of the plantation at sheriff's sale became entitled to anything more than what was advertised and offered by the sheriff. His purchase gives him no title to the judicial mortgage of Dunlap & McCance, or any claim to the unsatisfied residue of that mortgage. He has what he bought and all he bought. He has no ground to complain of the pursuit by Burnside of his rights. and no good claim to ask the intervention of this court to stay the proceedings of Burnside.

The motion for injunction must be overruled.